UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCIANA L. MELO,

Plaintiff,

-v.-

GOOGLE LLC,

Defendant.

25 Civ. 8601 (KPF)

**Order of Service**

KATHERINE POLK FAILLA, District Judge:

Plaintiff Luciana L. Melo, of Tuckahoe, New York, brings this action *pro se* and asserts claims of retaliation and employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and 42 U.S.C. § 1981.  She seeks unspecified damages, as well as unspecified injunctive and declaratory relief, and she sues her former employer Google LLC ("Google").  The Court construes Plaintiff's complaint as asserting claims of retaliation, as well as race, sex, and national-origin based employment discrimination under Title VII, claims of retaliation and race based employment discrimination under Section 1981, claims of retaliation and disability based employment discrimination under the ADA, claims of retaliation and interference with medical leave under the Family and Medical Leave Act of 1993, as well as claims of retaliation and race, sex, national-origin, and disability based employment discrimination under the New York State and New York City Human Rights Laws.[1]

_____

[1] The Court notes that, after she filed her complaint, Plaintiff filed a motion for the appointment of *pro bono* counsel.  (Dkt. #7).

By order dated October 22, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2]  The Court directs service on Google and denies Plaintiff's motion for the appointment of *pro bono* counsel (Dkt. #7) without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date.

## DISCUSSION

### A.    Service on Google

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[3]  *Walker* v. *Schult,* 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process … in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Google through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for Google.  The Clerk of Court is further instructed to issue a summons for Google and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on Google.

---

[2] Because Plaintiff's IFP application reveals the full names of Plaintiff's minor children, the Court has directed the Clerk of Court to restrict electronic access to that document.  *See* Fed. R. Civ. P. 5.2(a)(3) (requiring court submissions that refer to minor children to refer to the children using only their names' initials).

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that a summons for Google be issued.  The Court therefore extends the time to serve Google until 90 days after the date that a summons for Google issues.

If a summons and the complaint are not served on Google within 90 days after the date that a summons for Google is issued, Plaintiff should request an extension of time for service. *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss this action if she fails to do so.

## B.    Motion for the appointment of *pro bono* counsel

The Court must deny Plaintiff's motion for the appointment of *pro bono* counsel. The IFP statute, 28 U.S.C. § 1915, provides that courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal actions, in civil actions, there is no requirement that courts supply indigent litigants with counsel. *See Hodge* v. *Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, courts have "[b]road discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard* v. *U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes

3

are truly deserving. *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors that a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that she is indigent, for example, by successfully applying for leave to proceed IFP. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* at 61-62; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks* v. *Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

Here, it is too early in the proceedings for the Court to assess the merits of this action. Thus, the Court cannot, at this stage of the litigation, consider abovementioned factors. Accordingly, the Court denies Plaintiff's motion for

the appointment of *pro bono* counsel (Dkt. #7) without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date.

## CONCLUSION

The Court denies Plaintiff's motion for the appointment of *pro bono* counsel (Dkt. #7) without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date.  The Clerk of Court is directed to terminate the pending motion at docket entry 7.

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to: (1) issue a summons for Google; (2) complete a USM-285 form for Google; and (3) deliver all documents necessary to effect service of a summons and the complaint on Google to the USMS.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal.  *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  December 9, 2025
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

5

**SERVICE ADDRESS FOR DEFENDANT**

Google, LLC
111 Eighth Avenue
New York, New York 10011